Cranch, C. J.,
at May term, 1825, after stating the pleadings, delivered the opinion of the Court, as follows :
We think the rejoinder is bad, because it does not answer all the breaches assigned in the replication.
The replication assigns three breaches. 1st, That John Law did not, at the next court, cause a transcript of the record to be *533 transmitted to the court of appeals. 2d, That he did not, at the next court, file in writing his causes or reasons for making the appeal; and 3d, That he did not prosecute his appeal at the court of appeals, held at Annapolis on the second Monday of June, 1819.
To the first breach, the rejoinder answers that J. L. immediately after the rendition of the judgment, prayed an appeal and directed the clerk of the county court to make out the record 'and send it to the court of appeals. This is no excuse for not causing the transcript of the record to be sent. It was not the duty of the clerk to send it; nor even to make out the transcript unless his fees were paid or secured; and there is no averment that they were either secured or paid.
The second breach is ribt answered at all; but as the replication does not set forth the rule of the Court on that subject, we think the assignment of this breach is bad, and the defendant is not bound to answer to it.
The answer to the third breach is that J. L. prosecuted his appeal with effect; and that the judgment of the county court was reversed.
The question, whether this is a sufficient answer to the third breach, depends upon the question whether J. L. was bound by his obligation, at all events, to prosecute his appeal at June term, 1819.
The condition of the bond is that he shall pursue the directions of the Act of Maryland, 1713, c. 4, at the next court of appeals to be held for the western shore. Next, after what ? The judgment ? or the date of the bond ? or the approval of the bond ? or the delivery of the bond ? or, according to the words of the Act of Assembly, is it “ the next court ensuing, before whom such appeal ought to be tried ” ? Certainly the directions of the act ought to be pursued at, or in, the court before whom such appeal ought to be tried; but these words designate the court, not the term of the court, in which the appeal should be tried; otherwise the legislature would not have used the expression, “ before whom; ” but, at which.
The principal object of the Act of Assembly was to ascertain the cases in which an appeal should be a supersedeas to the judgment below. It is reasonable to suppose, therefore, that the legislature had in view the time of the supersedeas, and intended that the appellant should prosecute his appeal as soon as possible after he had suspended the judgment by giving the necessary security.
The appeal was not to operate as a supersedeas until the security should have been approved by the justices of the court below. The term of the court, then, at which the defendant ought to *534 prosecute his appeal would be the court next after the approval of the security. In the present case it appears by the indorsement of the judge upon the bond, that it was not approved until the 15th of June, 1819, which must have been after the 2d Monday of June, the day appointed by law for holding the court of appeals. It might have been a matter of doubt whether the court, at that term, would have jurisdiction of the appeal; and the defendant could not know that the court would sit more than one day.
Being of opinion that the defendant was not bound to prosecute his appeal until the term next after the approval of his bond, we think the third breach assigned in the replication is bad, and that the defendant is not bound to answer it. This also disposes of the first breach; for the “next court” Mentioned in the assignment of this breach is afterwards, in the same replication, explained to be the June term, 1819, to which term we do not think the defendant was bound to transmit the transcript of the record.
Upon the whole we think the replication bad in all its assignments of breaches; and that the judgment upon the demurrer must be for the defendant.